UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEOFFREY CHAD GIGLIO,<br><br>　　　　Defendant. | Case No. 25-cr-00264-VC-1<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 34 |

The motion to dismiss is denied.

The core issue that Giglio raises in his motion—whether the prosecution can show a "true threat"—is a question of fact for the jury, not a question of law for the Court. *Melugin v. Hames*, 38 F.3d 1478, 1485 (9th Cir. 1994); *see also Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1069 (9th Cir. 2002) (en banc). While rare cases "may be so clear that they can be resolved as a matter of law" before trial, this is not one of them. *United States v. Merrill*, 746 F.2d 458, 462 (9th Cir. 1984). In the call referenced in Counts One, Two, and Three of the Information, Giglio stated: "I'll just set up behind my .308 and I'll do my job."[1] Dkt. No. 8. And in the call referenced in Count Four, Giglio stated: "Tell [Representative Swalwell] that we are coming and that we are going to handle everyone. We are going to hurt everyone. We are coming to hurt them." *Id.* The Information quotes both of these calls verbatim.

---

[1] ".308" seems to refer to a .308-caliber rifle.

Giglio's references to using a firearm and "hurt[ing]" people make it far from "clear" that these statements are "protected expression." *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Planned Parenthood*, 290 F.3d at 1070); *see also United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012) (explaining that true threats have objective and subjective elements).

Giglio's argument that the Information does not sufficiently allege that he "possessed the constitutionally required *mens rea*" for true-threat prosecutions overstates what is required of an information. Dkt. No. 34 at 4. Giglio is correct that *Counterman v. Colorado* requires the government to ultimately prove that Giglio was "aware that others could regard his statements as threatening violence and deliver[ed] them anyway.'" 600 U.S. 66, 79 (2023) (citation modified). But not at this stage. A jury will determine at trial whether the government has met its burden on the true-threats issue, including as to *Counterman*'s subjective mens rea requirement. For now, it is enough that for each of the four counts, the Information closely tracks the charging statute, setting forth all the necessary elements of each statutory offense, and contains the verbatim contents of the allegedly threatening calls. *See United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994). Those calls create a reasonable inference of subjective recklessness (if not intent) on their face and thus "fairly inform[]" Giglio of the charges against him. *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982)).

Giglio's argument that the statute underlying Count Three, 47 U.S.C. § 223(a)(1)(C), violates the First Amendment also fails. Count Three charges Giglio with making a "telephone call . . . with intent to abuse, threaten, or harass any specific person." 47 U.S.C. § 223(a)(1)(C). Because this prosecution hinges on the threatening nature of Giglio's statements on the call, section 223(a)(1)(C) certainly regulates speech as applied here. But that doesn't change the fact that the First Amendment does not protect true threats. *Watts v. United States*, 394 U.S. 705, 708

(1969) (per curiam). The government has sufficiently alleged in the Information that Giglio's calls constituted true threats. So long as the jury finds that the call at issue in Count Three was indeed a true threat, the First Amendment does not bar prosecution on that count.[2]

**IT IS SO ORDERED.**

Dated: July 28, 2026

_____

VINCE CHHABRIA
United States District Judge

---

[2] In *United States v. Waggy*, 936 F.3d 1014, 1018-20 (9th Cir. 2019), the Ninth Circuit considered a similarly worded Washington state statute and adopted the Washington Supreme Court's characterization of that statute as regulating conduct rather than speech. That seems wrong. But if one were to characterize section 223(a)(1)(C) the same way the Ninth Circuit and the Washington Supreme Court characterized the Washington statute, that would provide another reason to reject Giglio's argument here.