JODI LINKER, Bar Number 230273
Federal Public Defender
Northern District of California
TAYLOR FATHERREE, Bar Number 358709
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Taylor_Fatherree@fd.org

Counsel for Geoffrey GIGLIO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GEOFFREY GIGLIO<br>Defendant. | **Case No.:** 25–264 VC<br>**STIPULATION AND [PROPOSED] ORDER TO COMPEL DISCOVERY FROM UNITED STATES CAPITOL POLICE** |

The above-titled matter is currently scheduled for a jury trial beginning on December 1, 2026.

Defense counsel made its initial discovery request on July 30, 2025. On March 2, 2026 and April 16, 2026, the defense made additional discovery requests involving, among other things, material and information from United States Capitol Police (USCP). In response, the government forwarded the defense discovery requests to relevant government agencies (including the United States House of Representatives General Counsel's Office, the Federal Bureau of Investigation, and USCP), engaged in additional calls and communications with the

defense to clarify its requests, and conducted additional investigation and searches to obtain any information responsive to the defense discovery requests. The government has since provided to the defense any information it has received or obtained from other agencies in response to the defense discovery requests.

With regard to USCP in particular, the government transmitted verbatim the following defense discovery request:

> *Please provide information on any communications deemed threatening or harassing other than those by Geoffrey Giglio to Eric Swalwell personally or to his office within six months of March 2025-June 2025. This includes: a. Records or notes regarding the contents of the communications. b. Internal office emails, text messages, or web-based application messages (e.g. Slack) regarding threatening communications. c. Records indicating which threatening or harassing communications were flagged for law enforcement. d. Law enforcement records indicating whether the persons making the communications were contacted, asked to stop, or prosecuted. What I am requesting is any records/reports deemed threatening to Swalwell or his office from time frame September 1, 2024 through December 31, 2025.*

On August 13, 2026, the government received from USCP's Office of the General Counsel the following objections to the defense discovery request:

> It is the department's position that in addition to being irrelevant as drafted, the request is:
>
> (1) <u>Overly broad</u>. The request seeks over a year's worth of "threatening or harassing" information received by former Rep. Swalwell's office unrelated to the instant case. Searching for and compiling this information would be unduly burdensome and time consuming.
>
> (2) <u>Law enforcement sensitive information</u>. The request seeks records or notes about threatening communications including which communications were flagged by law enforcement and any action taken, which would reveal investigative techniques.
>
> (3) <u>Information prohibited from disclosure pursuant to 2 USC 1979</u>. Our law enforcement records could and likely will contain security information, that is, information related to the protection of our statutory protectee – (i.e., former Member of Congress Swalwell) which is prohibited from disclosure without USCP Board approval. The request could also require the disclosure of communications between USCP and Swalwell about each of these investigations and USCP's investigative and protective plan.

USCP General Counsel's Office also explained that, because USCP is an agency of the legislative branch of government (not the executive branch) and did not conduct or participate in the investigation for the charged offenses in this case, USCP is not and should not be

considered part of the government prosecution/investigative team in this case for any purpose. The defense disagrees with that position. As a factual matter, the communications charged in this case were initially reported by former Congressman Swalwell's office to USCP, which declined further investigation after conducting initial threat assessments and summarizing the communications and related information in USCP ROIs (reports of investigation). The same communications were subsequently reported to and investigated separately by FBI, eventually leading to the charges in this case. As a result, the government (meaning, the prosecution/investigation team) has experienced difficulties obtaining from USCP material responsive to both government and defense requests for discovery.

After receiving USCP's objections on August 13, 2026, the government shared the USCP email with the defense and asked defense if it could (1) provide its threshold showing of materiality to the defense, as required under Rule 16, and (2) narrow its request to address USCP's objections on overbreadth and other concerns. Defense counsel thereafter agreed to accept discovery with statutorily-required redactions and to seek a narrower time-range of communications—from one month before and after the charged offenses—which the government then conveyed to USCP.

On October 5, 2026, USCP General Counsel's Office responded to the request as follows:

> Thank you for advising this office of the Defense request for information in relation to the prosecution of Mr. Geoffrey Giglio. It is my understanding that Mr. Giglio is requesting information about "any communications deemed threatening or harassing" from persons other than Mr. Giglio reported by former Rep. Eric Swalwell's office to the United States Capitol Police from April 1, 2025, to July 31, 2025.
>
> I have conferred with USCP officers regarding the request and obtained the following summary information that I can share with you:
>
> - Between April 1, 2025, and July 31, 2025, the United States Capitol Police received three reports from the office of former Rep. Eric Swalwell which were classified as "threats":
>   - One communication originated from an individual in the area of Houston, Texas, and was referred to the Federal Bureau of Investigation for further investigation through an "FBI Guardian." It was referred for prosecution to the appropriate U.S. Attorney's Office and prosecution was declined.
>   - One communication originated from an individual who was never identified.

    - One communication originated from an individual in the Bay Area of California. It was referred for prosecution to the USAO for the Northern District of California and prosecution was declined.

- Between April 1, 2025, and July 31, 2025, the United States Capitol Police received one additional report from the office of former Rep. Eric Swalwell which was classified as "cyberstalking":
    - One communication originated from an individual who was never identified.

As to further substantive information regarding these communications (i.e. the communications themselves, which I understand to be the thrust of the Defense request), the position of the United States Capitol Police is that we are unable to legally disclose further information regarding these four communications absent a court order for the reasons set forth in Ms. Walters e-mail dated August 13, 2026. Although we do not believe these records are relevant to Mr. Giglio's guilt or innocence for the acts charged in the present case, USCP would not object to an appropriately tailored order to disclose USCP reports relating to one or more of the above four communications, or to disclose the communication(s) themselves, and will promptly comply with one if and when issued.

If the Defense intends its request to extend to records not in USCP's possession but which may be in the possession of former Rep. Swalwell's office, that request should be directed to the House of Representatives Office of General Counsel.

After receiving the above email from USCP, the government immediately informed USCP that the correct date range for the defense discovery request should be February 1, 2025 to July 31, 2025, and conveyed the above information to the defense. The government also informed the defense that it would be willing to stipulate to a court order compelling USCP to disclose the underlying communications mentioned in the USCP email, so long as the defense provided its required threshold showing of materiality sufficient to trigger the discovery obligation under Rule 16(a)(1)(E)(i). On October 6, 2026, the defense responded as follows: "The materiality is that Mr. Giglio's statements must be considered in their full context according to caselaw, and other similar statements are a part of that context. Law enforcement and listener response is also part of that context and relevant to the true threat analysis."

The parties therefore stipulate and respectfully request that USCP be compelled to provide the following: information and/or evidence of any communications deemed threatening or harassing by the office of former Congressman Swalwell reported to USCP (other than the communications from Geoffrey Giglio) between February 1, 2025 and July 31, 2025.

The government understands that the defense may seek to compel additional discovery other than the information and material agreed-upon herein, and may file a separate motion to compel accordingly.

IT IS SO STIPULATED.

October 6, 2026
Dated

CRAIG H. MISSAKIAN
United States Attorney
Northern District of California

/S
ANNE C. HSIEH
AMANI FLOYD
Assistant United States Attorneys

October 6, 2026
Dated

JODI LINKER
Federal Public Defender
Northern District of California

/S
TAYLOR FATHERREE
CANDIS MITCHELL
Attorneys for Geoffrey Giglio

**[PROPOSED] ORDER**

Based on the facts set forth in the parties' stipulation and for good cause shown, the Court hereby ORDERS the United States Capitol Police to produce the following: information and/or evidence of any communications deemed threatening or harassing by the office of former Congressman Swalwell reported to USCP (other than the communications from Geoffrey Giglio) between February 1, 2025 and July 31, 2025.

IT IS SO ORDERED.

DATED:

______________________________
VINCE CHHABRIA
United States District Judge