**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEOFFREY GIGLIO.<br><br>Defendant. | ) | Case No. 3:25-cr-00264-VC<br><br>**DECLARATION OF THE UNITED STATES CAPITOL POLICE IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL** |

## I. Introduction

The United States Capitol Police ("USCP") is the law enforcement and security agency of the United States Congress, subject to the direction and oversight of the Capitol Police Board comprised of the Sergeant at Arms of the House of Representatives, the Sergeant at Arms and Doorkeeper of the Senate, and the Architect of the Capitol. 2 U.S.C. §§ 1901, 1901a. USCP is in receipt of a Motion to Compel Discovery filed by Defendant Geoffrey Giglio on October 13, 2026, thereafter provided to USCP by the United States Attorney's Office for the Northern District of California ("USAO"). In that motion, Mr. Giglio requests the Court compel the USAO to obtain and disclose the following materials:

1) Any determinations or statements that communications by Mr. Giglio do not constitute true threats, are not criminal in nature, or are not particularly serious. Any internal communications within USCP regarding supervisory review of Mr. Giglio's communications or threat level. Any notes, discussions, or other documentation related to the same.

2) Any communications by USCP to Mr. Giglio to discuss his contact with Mr. Swalwell's regional office or to ask him to cease contacting the office.

Dkt. No. 63 at 7. USCP was thereafter provided USAO's response to the motion filed October 20, 2026. Dkt. No. 65. Separate and independent from the USAO, USCP must respectfully advise the Court and the parties that an Order granting Mr. Giglio's first request would be

contrary to law, as explained in Sections II, III, and IV, below, and that USCP would object to an Order granting Mr. Giglio's motion. USCP is presently aware of no communications responsive to Mr. Giglio's second request, as explained in Section V of this filing.

As to Mr. Giglio's first request, USCP would note three grounds for its objection. First, the materials requested are restricted from disclosure as "security information" under 2 U.S.C. § 1979, such that USCP is legally prohibited from disclosure absent approval from the United States Capitol Police Board. Second, USCP is not part of the "prosecution team" seeking Mr. Giglio's conviction, such that the constitutional dictates of *Brady v. Maryland* do not extend to materials in USCP's possession. Third, the materials requested are immaterial and irrelevant to the case, and are specifically exempted by Fed. R. Crim. P. 16(a)(2).

## II. Communications Between Congress and the United States Capitol Police, and those resultant communications within the United States Capitol Police, are protected from disclosure by statute.

First, USCP is prohibited from disclosing to USAO, Mr. Giglio, or the Court any information responsive to his first request by 2 U.S.C. § 1979, as the information requested exclusively regards "security information" in the possession of USCP.

To the end of its own security, the Congress established the United States Capitol Police. *See* 2 U.S.C. §§ 1901 *et seq*. USCP's police powers are circumscribed by its Legislative Branch character and its establishing statutes: USCP polices the United States Capitol Buildings and Grounds, 2 U.S.C. §§ 1961-63; protects Members and Officers of Congress, and members of their families, 2 U.S.C. § 1966; and may make arrests only within the limited geographic areas pertinent to its protective functions, 2 U.S.C. §§ 1967, 1978. Members of Congress, legislative aides, and Congressional staff may (and are encouraged to) report concerning activity and communications which implicate the security of Congress to USCP for investigation and the most immediate security response.

Because communications between Congress and USCP regarding Congressional security are extraordinarily sensitive, disclosure of materials in the possession of USCP are subject to the strict limitations on disclosure by 2 U.S.C. § 1979(b):

> **Notwithstanding any other provision of law**, any security information in the possession of the Capitol Police may be released by the Capitol Police to another entity, including an individual, *only* if the Capitol Police Board determines in consultation with other appropriate law enforcement officials, experts in security preparedness, and appropriate committees of Congress, that the release of the security information will not compromise the security and safety of the Capitol buildings and grounds or **any individual whose protection and safety is under the jurisdiction of the Capitol Police**.

(emphasis added). "Security information" is defined by the preceding section to include information that:

> (1) Is sensitive with respect to the policing, **protection**, physical security, intelligence, counterterrorism actions, or emergency preparedness and response relating to Congress, **any statutory protectee of the Capitol Police**, and the Capitol buildings and grounds; and
>
> (2) Is obtained by, on behalf of, or concerning the Capitol Police Board, the Capitol Police, or any incident command relating to emergency response.

2 U.S.C. § 1979(a)(emphasis added). Communications received by USCP from Members and staff about concerning communications, subsequent internal communications within USCP concerning such reports, and responses to Members about their security concerns are plainly sensitive to Congressional security and intelligence and meet the definition of "security information." At the time of this filing, the Capitol Police Board has not authorized the release of the information requested.

Therefore, USCP is prohibited by the statute from providing any information responsive to Mr. Giglio's first request, as it exclusively seeks protected security information: internal analysis of concerning communications reported to it by Congressional staff, and statements USCP may or may not have made to Congressional staff resulting from said analysis. As the

security of Congress, its Members, staff, and related families is of paramount concern, the free and unfiltered exchange of information between Congress and its protective agency in USCP is essential. While USCP has conceded in part some limited requests for information in consultation with its oversight authorities, Mr. Giglio's current request goes too far, and USCP must discourage the Court from granting an Order contrary to USCP's controlling statute and which may chill the free exchange of security information within the legislative branch.

**III. The United States Capitol Police is not part of the "Prosecution Team."**

In addition to the statutory prohibition against release of the information sought, USCP is not a member of the prosecution team in the present case, such that it cannot be compelled to disclose materials to the USAO or, in turn, to Mr. Giglio under *Brady v. Maryland*, 373 U.S. 83 (1963).

USCP concurs in the relevant summation and analysis set forth by the USAO in its own response. *See* Dkt. 65 at 7-16. USCP has consistently denied in part or in whole every request for information submitted to it by the Federal Bureau of Investigation or USAO with respect to this case, whether it was for their purposes or for the purposes of Mr. Giglio's defense. Because the prosecution of Mr. Giglio is not USCP's case, and was not referred by USCP for prosecution, but rather was merely logged internally for security intelligence, the disclosure of sensitive security information is forbidden.

USCP would emphasize that it is a Legislative Branch entity, wholly separate branch from the USAO, subject to no control or direction of any component of the United States Department of Justice or any other executive branch agency except where otherwise dictated by the Capitol Police Board's own regulations.[1] The classification of the USCP as an entity within

---

[1] For an example of where regulations require coordination with the executive branch or otherwise incorporate executive branch regulations, *see, e.g.* Capitol Police Board Regulations for Settlement and Payment of Federal Tort

the Legislative Branch deprives the USAO of its "unique position to obtain information known to other agents of the government," *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019) (quoting *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997)), as any attempt by the USAO to compel disclosure from USCP would implicate the constitutional separation of powers. Indeed, Ninth Circuit precedent implicitly recognizes that the universe of documents for which "knowledge and access to" may be presumed is usually limited to those "held by another *executive* branch agency" which participates in the investigation of the defendant. *Cano*, 934 F.3d at 1023 (citing *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989) (emphasis added); *see also United States v. Alahmedalabdaloklah*, 94 F.4th 782 (9th Cir. 2024) (citing and stating same). USCP has not participated and will not participate in this prosecution, except only to the limited degree required by the Court, validly permitted under the law and Constitution, and necessary in the spirit of comity and USCP's judgment to obviate avoidable litigation before the Court.

**IV. The internal communications and determinations by USCP Regarding Mr. Giglio are irrelevant to his defense.**

USCP also concurs with the USAO's analysis and conclusions that Mr. Giglio's first request is immaterial to his defense. *See* Dkt. 65 at 17-20. The Court may properly avoid a more contentious dispute through a practical consideration of what it is Mr. Giglio seeks: third-party expert opinion as to whether his communications constitute "true threats" under the law. What Mr. Giglio seeks would not serve to impeach any other witness, would not reveal any additional obtainable evidence, and would not support any motion in his case. Additionally, such third-

---

Claims Act Administrative Claims and Claims Under the Military Personnel and Civilian Employees Claims Act at 8, accessible at https://www.uscp.gov/sites/evo-subsites/uscp.house.gov/files/evo-media-document/cpb-ftca-settlement-regs.pdf (requiring prior written approval from the U.S. Attorney General or designee for settlement of claims in excess of $25,000, incorporating by reference portions of the Code of Federal Regulations).

party opinions would be flatly inadmissible at trial. *See United States v. Hanna*, 293 F.3d 1080, 1085-87 (9th Cir. 2002) (finding district court abused its discretion in admitting expert opinion testimony from federal agents that defendant's communications were serious, and finding "the average layperson is qualified to determine what a 'reasonable person' would foresee" that a communication would be interpreted as a serious expression of intent to harm). The opinions of USCP agents and officials are immaterial to Mr. Giglio's guilt or innocence.

Finally, USCP concurs with the USAO's analysis and conclusions that Mr. Giglio's first request is not required under Fed. R. Crim. P. 16. *See* Dkt. 65 at 20-22. Even if USCP had at any point joined the prosecution team, its internal communications regarding Mr. Giglio would constitute information not subject to disclosure under Rule 16(a)(2).

## V. USCP Can Identify No Records Responsive to Mr. Giglio's Second Request

As to Mr. Giglio's second request for communications by USCP to him, USCP can identify no records responsive to the request. USCP interprets Mr. Giglio's request to mean, with regard to the specific victim office in this case, (1) any writings transmitted from USCP to Mr. Giglio, or (2) any recordings of phone calls from USCP to Mr. Giglio. As to writings, USCP can find none. As to recordings, USCP has identified a single recording of a phone call from USCP to Mr. Giglio initiating at or about 1:45 PM ET on May 7, 2024, but not in relation to the specific victim office in this case. As such, USCP has identified no records responsive to Mr. Giglio's second request.

## VI. Conclusion

For the reasons above, USCP would respectfully object to Mr. Giglio's Motion to Compel to the extent it implicates materials in USCP's possession, and must respectfully advise the Court that it cannot comply with any Order granting such Motion unless permitted by the Capitol Police Board upon procedures set forth in law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 23rd day of October, 2026, at Washington D.C.

Thomas A. (Tad) DiBiase[2]
General Counsel
United States Capitol Police

[2] Note that the undersigned is not admitted to practice before the United States District Court for the Northern District of California. However, pursuant to 2 U.S.C. §1908, the General Counsel of the United States Capitol Police "may for the purposes of providing legal assistance and representation to the …United States Capitol Police enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof, without compliance with any requirement for admission to practice before such court." Therefore, the undersigned respectfully requests that this declaration be accepted by the Court.