JODI LINKER, Bar Number 230273
Federal Public Defender
Northern District of California
TAYLOR FATHERREE, Bar Number 358709
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Taylor_Fatherree@fd.org

Counsel for Geoffrey Giglio

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GEOFFREY GIGLIO,<br>Defendant. | **Case No.:** CR 25–264 VC<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

## ARGUMENT

### i. The government defines the investigation too narrowly for its claim that the USCP is not a part of the prosecution team in this case.

The opposition asks the Court to treat the United States Capitol Police (USCP) as uninvolved in this investigation and case, while at the same time agreeing that its agents identified Mr. Giglio, assessed the charged communications, created investigative reports, and supplied the charged recording to the FBI "as part of its investigation." Floyd Decl. ¶¶ 7, 12, 16. Apparently, the FBI did not have the recordings before Mr. Giglio was charged in the

Central District of California. The USCP provided the central evidence for Counts One through Three to the FBI before Mr. Giglio was charged in this district. *See* Dkt. 1, 8. It is worth noting, the instant case was brought by a USCP Special Assistant United States Attorney. *Id.*[1] The USCP's involvement is enough for at least its Threat Assessment Section to be considered part of the prosecution team for *Brady* purposes.

USCP's own conclusion that it is not part of the prosecution team and its reluctance to share information do not control. Whether its actual conduct constituted participation in this investigation does. *See United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). Nor does the fact that it is under the legislative branch control, as long as it participated in the investigation. See *United States v. Nichols*, No. 1:21-CR-00117-RCL, 2023 WL 6809937, at *12 (D.D.C. Oct. 16, 2023) ("The feature that makes USCP distinctive among entities within the Legislative Branch—its investigative rather than legislative nature—is what brings it within the prosecution's team.'"). Indeed, the government acknowledges that it is possible for the USCP to be a part of the prosecution team. Opposition at 11.

Here, the FBI got the basic inculpatory information for three of the charges in this case from the USCP. That is part of the total context of participation in the investigation—participation in the investigation makes an agency part of the prosecution team, whether it is under the legislative branch or not. *See Nichols*, 1:21-CR-00117-RCL at *12; *Bryan*, 868 F.2d at 1036. Providing inculpatory evidence alone can be enough for access to be presumed for an executive branch agency not involved in the investigation. *See United States v. Cano,* 934 F.3d 1002, 1025 (9th Cir. 2019). The government says because this pathway does not apply, the UCSP cannot be part of the prosecution. But that contradicts the government's own recognition that USCP being a part of the legislative branch does not preclude it from being part of the prosecution team, and ignores the fact that for that particular pathway, *Cano* discusses agencies that refuse to comply with discovery requests that are "wholly unrelated to the investigation of the defendant." *Id.* at 1026. That of course is not the case here. After the USCP's initial

---

[1] USCP SAUSA Johnny E. James Jr. was hired by USCP specifically to prosecute threat cases. *See* https://rollcall.com/2024/02/28/capitol-police-hires-prosecutor-to-tackle-lawmaker-threats/.

investigation and the central inculpatory evidence for the charges was provided to the FBI by USCP, a USCP SAUSA then brought the case. The USCP's investigation is connected to the FBI's and this prosecution.

**ii. The defense's discovery request only covers the part of USCP that participated in the investigation and is based on known facts, not speculation.**

The defense does not request an agency-wide search for information, but rather information connected to the USCP Threat Assessment Section investigation of the communications made by Mr. Giglio in this case. It therefore does not ruin afoul of *Alahmedalabdaloklah*, which said that the government did not have access to and was not obligated to to search the *entire* Department of Defense's databases for relevant documents. 94 F.4th 782, 845 (9th Cir. 2024). The government in that case had already searched the databases related to Alahmedalabdaloklah's prosecution. *Id*. at 843, 845.

The government in its opposition also claims that the defense is speculating that favorable information exists and "identifies no fact suggesting that any such material exists, much less that it says anything different from what he already has." Opp. At 13. This is simply an unfair characterization. When two separate USCP special agents made favorable determinations as to whether Mr. Giglio's communications were criminal, it is entirely reasonable to think that more information on those determinations might exist. The USCP is a police force presumably following an internal process of assessing threats. What is speculative is for the government to say any additional information would only be cumulative. Opp. At 14.

The government also argues that the currently known determinations are not favorable for *Brady* purposes. Opp. At 13-14. These statements do not have to be dispositive to be favorable, they need only provide "any affirmative, evidentiary support for the defendant's case or impeachment value." *Comstock v. Humpries*, 786 F.3d 701, 708 (9th Cir. 2015). These determinations support a defense theory that the calls did not meet the criminal threshold considered in the entire surrounding factual context. The information requested by the defense could shed more light on why Mr. Giglio's communications were not deemed to be true threats by trained threat assessors, or show how they were evaluated in the context of other

communications the USCP was aware of. They are also potentially impeaching if USCP witnesses at trial characterize their response to the phone calls differently.

**iii. The defense has not claimed a *Brady* violation and only seeks to enforce the government's *Brady* obligations.**

The defense has not claimed a *Brady* violation in this case. Instead, the defense seeks information it is entitled to prior to trial under *Brady*. Because the government has made clear it does not believe the already disclosed or requested material falls under *Brady*, or that the USCP is part of the prosecution, the defense has moved to compel the government to produce the requested evidence. The government at this stage must disclose all favorable evidence in the prosecution team's possession, and *Brady* materiality is not at issue. *See United States v. Cloud*, 102 F.4th 968, 979 (9th Cir. 2024).

**iv. The requested evidence is material to preparing the defense under Rule 16.**

Rule 16 "grants criminal defendants a broad right to discovery" and "is thus broader than Brady." *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013)(internal citation omitted). As noted in the opening motion, "[m]ateriality is a low threshold; it is satisfied so long as the information . . . would have helped to prepare a defense." *United States v. Soto–Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (internal quotation marks omitted). As discussed above, evidence relating to a law enforcement determination that Mr. Giglio's calls did not meet the threshold is helpful to the defense. This evidence could lead to admissible evidence regarding the relevant listener response to Mr. Giglio's communications. It could affect who the defense subpoenas and how the theory of defense is presented. Communications to Mr. Giglio would assist the defense in preparing for trial and expected testimony. If the government thinks responsive materials are subject to the work product exemption under Rule 16(a)(2), it can submit them in camera for the Court to review. In any case, any materials that are favorable under *Brady* would not be subject to the exemption, and any communications to Mr. Giglio would not fall under it.

October 26, 2026
Dated

JODI LINKER
Federal Public Defender
Northern District of California

/S

TAYLOR FATHERREE
Attorney for Geoffrey Giglio