UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GEOFFREY CHAD GIGLIO,<br>Defendant. | Case No. 25-cr-00264-VC-1<br><br>**ORDER RE: MOTIONS IN LIMINE, DEFENSE MOTION TO EXCLUDE 404(B) EVIDENCE, AND DEFENSE MOTION TO EXCLUDE DR. CHOI**<br><br>Re: Dkt. Nos. 59, 85, 89, 90-95 |

This ruling summarizes the Court's rulings on the parties' motions in limine, the defense motion to exclude 404(b) evidence, and the defense motion to exclude the opinions and testimony of Dr. Octavio Choi, as discussed at the pretrial conference. As a reminder, a ruling on a motion in limine may be revisited at trial depending upon how the evidence comes in. See *City of Pomona v. SQM North America Corporation*, 866 F.3d 1060, 1070 (9th Cir. 2017).

**<u>Motions in Limine</u>**

**Evidence of Giglio's firearm purchase, ownership, and/or possession (Defense Motion in Limine No. 1; Government Motion in Limine No. 1(D)).** All evidence related to Giglio's purchase, ownership, and/or possession is excluded because the risk of unfair prejudice substantially outweighs its probative value.

**Reuters article (Defense Motion in Limine No. 3; Government Motion in Limine No. 1(F)).** The portions of the article containing quotations of Giglio are excluded. Those quotations are nested hearsay, and while Giglio's out-of-court statements are admissible under the party-opponent exclusion, the reporters' out-of-court statements are not admissible. The adoptive-admission exclusion does not apply to those statements because it's far from clear that Giglio ever

adopted the specific quotations in the article. And the Court declines to admit the statements under the residual hearsay exception because, alone, reporters' quotations of third parties are not "supported by sufficient guarantees of trustworthiness." Fed. R. Evid. 807.

The portions of the article connecting Giglio's threats to a broader rise in political violence or to partisan politics are also excluded as irrelevant and, in any event, unfairly prejudicial.

However, the remaining portions of the article—namely, commentary by constitutional scholars about the likely impact and lawfulness of Giglio's communications—might be admissible. Given that Giglio knew of and read the article, these portions are highly probative of whether he consciously disregarded the risk that his communications would be viewed as threatening violence. On the other hand, it's possible that the redactions would make the article too confusing. If the government still seeks to admit the article in light of this ruling, it is ordered to file a copy of the article with proposed redactions, pursuant to the guidance above, by November 18. The defense may join that filing or file a separate response by November 19.

**Evidence of Giglio's stroke and related mental conditions (Defense Motion in Limine No. 4; Government Motion in Limine No. 2).** Neither party (nor any witnesses) may mention at trial that Giglio had a stroke, a neurological episode, or anything remotely similar to that. However, the defense is permitted to elicit brief testimony that Giglio had a medical episode and that it left him with adverse physical effects (*e.g.*, that he was rendered bedridden) and how those physical effects impacted Giglio's lifestyle and the types of content he began consuming, and how that might have affected Giglio's understanding of responses to language that is similar to the communications charged here. Any evidence that is not relevant to Giglio's subjective intent will be excluded, and if testimony or argument about Giglio's physical condition is not kept brief, it will be cut off.

**Evidence of U.S. Capitol Police's assessment of Giglio and his communications (Defense Motion in Limine No. 7; Government Motion in Limine No. 3).** The April 1, 2025, email from U.S. Capitol Police Agent Ramirez to Joe Pientka, a member of Swalwell's staff, will be admitted except for the second bullet point, which reads:

> If GIGLIO continued to call and harass your office, please report it to the USCP. The content of these calls do not meet the threshold to be considered a true threat, but are concerning, none the less. Please call me upon receipt of this message to discuss this matter further.

That bullet will be redacted because it may mislead the jury to believe that Agent Ramirez was expressing a legal opinion on whether Giglio's communication was a true threat for purposes of the First Amendment.

**Defense Motion in Limine No. 2 to exclude an uncharged voicemail to Swalwell's office and to redact a portion of the voicemail charged in Counts 1-3.** This motion is denied. The uncharged voicemail to Swalwell's office was left only minutes before the voicemail charged in Counts 1-3. It is therefore inextricably intertwined with the charged voicemail and highly probative of both the objective and subjective elements of the true-threat analysis. And it is inappropriate to redact any part of the charged voicemail for the same reason.

**Defense Motion in Limine No. 5 to preclude government argument about the speech-integral-to-criminal-conduct exception.** This motion is denied as moot because the government will not be making arguments about this exception to the jury. Any outstanding issues related to this exception will be addressed when discussing and finalizing jury instructions.

**Defense Motion in Limine No. 6 to preclude witness testimony regarding the emotional impact of Giglio's communications on the recipients.** This motion is denied. Recipients' emotional responses to the communications are relevant to whether a reasonable person in the recipients' shoes would have perceived the communications as a serious expression of intent to commit unlawful violence. That said, if the testimony goes on too long, it will be cut off.

**Defense Motion in Limine No. 8 to exclude the facesheet distributed by U.S. Capitol Police.** This motion is denied. Witnesses will be testifying to the Swalwell office's response to Giglio's communications, including the fact that this facesheet was hung up in the office. Any marginal risk of unfair prejudice posed by admitting the facesheet itself does not justify exclusion under Rule 403.

**Defense Motion in Limine No. 9 to exclude evidence of Giglio's prior arrests and conviction.** This motion is denied as moot given that the government will not be introducing evidence of Giglio's prior arrests or conviction in its case-in-chief.

**Defense Motion in Limine No. 10 to preclude guilt-assuming hypotheticals.** This motion, as modified at the hearing to apply only to cross-examination of character witnesses, is granted as unopposed. *See United States v. Shwayder*, 312 F.3d 1109, 1120-21 (9th Cir. 2002), *opinion amended on denial of reh'g*, 320 F.3d 889 (9th Cir. 2003).

**Defense Motion in Limine No. 11 to preclude references to the terms "threats," "threatening," and "victim."** This motion is denied.

**Defense Motion in Limine No. 12 to order slurs redacted from any communications presented to the jury.** This motion is denied, with the exception of the n-word, which will redacted except for the first letter.

**Defense Motion in Limine No. 13 to abstain from reading the complaint or information to the jury, or sending the complaint or information into the jury room during deliberations.** This motion is granted.

**Defense Motion in Limine No. 14 to designate all government witnesses as under defense subpoena unless released.** This motion is denied. The Court does not anticipate that the defense will need to call any government witnesses back to the stand, because the defense can, and should, cover all issues with those witnesses when they are testifying as part of the government's case-in-chief. However, the government is ordered to notify its witnesses that it is possible the defense will call them and that they must remain available after the government presents its case-in-chief, unless and until notified otherwise. If the defense wishes to call a government witness as part of its own case after that witness has testified as part of the government's case-in-chief, the defense will not be allowed to do so unless it can present compelling reasons why it didn't cover the issue with the witness previously.

**Defense Motion in Limine No. 15 to exclude government witnesses from the courtroom under Rule 615.** This motion is granted. All government witnesses are excluded

except for FBI Special Agent Tiffany Speirs, FBI Special Agent Daniel Dales, and Dr. Octavio Choi, who are designated as the government's case agent or as a "person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(2)-(3).

**Defense Motion in Limine No. 16 to permit the defense investigator to remain in the courtroom for the entirety of the trial.** This motion is granted. *See* Fed. R. Evid. 615(a)(3).

**Defense Motion in Limine No. 17 to exclude discovery provided after the discovery deadline.** This motion is granted. If either party believes any such evidence should be admitted down the line, they are welcome to request an exception.

**Government Motion in Limine No. 1(B) to admit evidence of other threatening communications and the law enforcement warnings that followed.** This motion is granted. The government will be permitted to introduce evidence related to the three threatening communications specified in the motion—to MVM, Inc., to Michigan Secretary of State Jocelyn Benson, and to Travis County District Court Judge Maya Guerra Gamble. As to the MVM communication, the government is permitted to introduce the recording(s) of Giglio's conversation with Loudon County Detective Laverty, in which Detective Laverty recounts the contents of Giglio's emails to MVM. As to the Benson and Gamble communications, the government is permitted to introduce both evidence of the communications and evidence of Giglio's subsequent conversations with law enforcement.

**Government Motion in Limine 1(C) to admit evidence of Giglio's statements surrounding his arrest.** This motion is granted. These statements are relevant to Giglio's subjective intent at the time he left the charged voicemails.[1]

**Government Motion in Limine No. 4 to admit June 13, 2025, handwritten note by Swalwell intern.** This motion is granted, subject to the government laying proper foundation during Ms. Camacho's testimony.

---

[1] This includes the statements referenced in the defense's motion to exclude 404(b) evidence regarding Jasmine Crockett and Jamie Raskin and the statements Giglio made to Special Agent Ballantyne. *See* Dkt. No. 85 at 13, 17.

**Government Motion in Limine No. 5 to preclude evidence and arguments to encourage jury nullification.** This motion is granted, with the caveat that the defense may discuss with the jury the seriousness of its task in this trial. The defense may not, however, make reference to liberty being at stake in criminal trials, or to Giglio's liberty being at stake.

**Government Motion in Limine No. 6 to require a good-faith basis to inquire or present evidence about alleged misconduct by law enforcement witnesses.** This motion is granted. The defense must make an offer of proof, outside the presence of the jury, regarding any alleged misconduct by law enforcement witnesses and its relevance to the case before inquiring about such alleged misconduct.

**Government Motion in Limine 1(E) to admit evidence from Giglio's phone.** Except for evidence deemed admitted in the motions above, this motion is denied. This evidence is highly prejudicial, and the government has failed to explain why it is relevant or how its probative value is not substantially outweighed by the risk of unfair prejudice.

**Defense Motion to Exclude 404(b) Evidence (Dkt. No. 85)**

Except for evidence deemed admitted in the Court's rulings on the motions in limine, this motion is granted.

**Defense Motion to Exclude Dr. Choi (Dkt. No. 59)**

The motion is denied insofar as it requests that Dr. Choi be excluded under all circumstances. That said, it is extremely unlikely that Dr. Choi will be permitted to testify because Dr. Choi is permitted to testify (in rebuttal) only if the defense puts Giglio's stroke at issue. And, as explained above, neither the defense nor any witnesses will be permitted to mention Giglio's stroke. In other words, Dr. Choi will testify only if the defense violates the Court's ruling. (And that will not be the only consequence if the defense violates the Court's ruling.)

**IT IS SO ORDERED.** Dated:

November 17, 2026

VINCE CHHABRIA
United States District Judge